IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEWIS RAY HART, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-01301-L-BT |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Lewis Ray Hart, a Texas prisoner, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2009 murder conviction. Pet. (ECF No. 3). But Hart already challenged his murder conviction in a § 2254 petition that was denied in 2013. So, for the following reasons, the District Judge should transfer Hart's successive habeas petition to the United States Court of Appeals for the Fifth Circuit for review.

## Background

On August 28, 2009, a Kaufman County jury found Hart guilty of first-degree murder and sentenced him to life imprisonment. The Court of Appeals affirmed his conviction. *See Hart v. State*, 2011 WL 2028216 (Tex. App. Dallas, May 25, 2011, no pet.). The Texas Court of Criminal Appeals (CCA) denied Hart's request to file an out-of-time petition for discretionary review. *See Ex parte Hart*, PD-105012 (Tex. Crim. App. Aug. 7, 2012). The CCA also denied Hart's application for state post-conviction relief without a written order on the findings of the trial court. *See Ex parte Hart*, WR-78,507-01 (Tex. Crim. App. Nov. 14, 2012).

In 2012, Hart filed his first federal habeas application under 28 U.S.C. § 2254, which this Court denied as barred by the applicable statute of limitations. *Hart v. Stephens*, 2013 WL 3863870 (N.D. Tex. July 25, 2013) (Boyle, J., accepting recommendation of Horan, J.).

Hart now returns to this Court with a second § 2254 habeas application, again challenging his 2009 murder conviction. *See* Pet. at 1.

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances in which a state prisoner may file a second or successive application for habeas relief in federal court. Before a second or successive application permitted by AEDPA may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If a pending petition qualifies as a successive writ application, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is considered successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). If a claim in a second or successive petition was presented in a previous petition, it must be dismissed. 28 U.S.C. § 2244(b)(1). If a claim in a second or successive petition was not presented in a previous petition, it must be dismissed unless the petitioner satisfies

the following standard:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Hart's current petition challenging his 2009 conviction and sentence meets the second-or-successive criteria. *See Crone v. Cockrell*, 324 F.3d 833, 837-38 (5th Cir. 2003); *see also Evans v. Director, TDCJ-CID*, 2018 WL 11462307, at *1 (E.D. Tex. Jan. 3, 2018) ("As a prior petition challenging the same conviction was dismissed as barred by the applicable statute of limitations, the magistrate judge correctly concluded that the current petition is successive."). To the extent that his petition re-urges claims dismissed in his earlier federal proceedings, his claims must be dismissed under 28 U.S.C. § 2244(b)(1). To the extent that he argues that he brings new claims that could not have been previously discovered because they are premised on new evidence (Pet. at 12, 19-20), this Court lacks jurisdiction over his claims because he has not directed the Court's attention to any order from the Fifth Circuit authorizing the filing of his petition. Therefore, even assuming that

Hart could satisfy the strict standards in 28 U.S.C. § 2244(b)(2) for new claims, this Court would lack jurisdiction over the claims. *See* 28 U.S.C. § 2244(b)(3)(A); *Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012).

In sum, Hart's petition is successive. But because this is Hart's first successive petition, the Court recommends that it be transferred to the United States Court of Appeals for the Fifth Circuit for review rather than dismissed. *See, e.g., Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *Commodore v. Mississippi*, 2018 WL 9391864, at *1 (N.D. Miss. Mar. 6, 2018) (noting that the Fifth Circuit permits district courts to transfer a successive petition to the Fifth Circuit to determine whether it should be allowed) (citing *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)).

## Recommendation

The District Judge should transfer petitioner Lewis Ray Hart's successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 to the United States Court of Appeals for the Fifth Circuit.

SO RECOMMENDED April 29, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

5