IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LEWIS RAY HART,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:26-CV-1301-L-BT** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

On April 29, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 4) was entered, recommending that the court construe Petitioner's habeas petition under 28 U.S.C. § 2254 (Doc. 3) as a successive habeas corpus petition over which the court lacks jurisdiction and transfer it to the United States Court of Appeals for the Fifth Circuit. The court has not received any objections to the Report from Petitioner, and the deadline for filing objections pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b) has expired.

After considering the petition, pleadings, file, record in this case, and the Report issued by the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. When a petition is deemed successive, the district court lacks subject matter jurisdiction unless a panel of the Fifth Circuit allows the successive petition to proceed. For the reasons set forth in the Report, the court **construes** Petitioner's habeas corpus petition (Doc. 3) as a successive habeas petition under 28 U.S.C. § 2254 over which the court lacks jurisdiction and **directs** the clerk of the court to **transfer** the action and

**Order – Page 1**

the successive habeas petition to the Fifth Circuit to determine whether the claims asserted should

be allowed to proceed.

**It is so ordered** this 21st day of May, 2026.


Sam A. Lindsay
United States District Judge